IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES SJERVEY,

              Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

              Defendant.

OPINION AND ORDER

19-cv-191-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Sjervey is seeking review of a final decision by defendant Andrew Saul, Commissioner of Social Security, denying his claim for supplemental security income and disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). Dkt. #8. (I have amended the caption to reflect that the new commissioner is Andrew M. Saul.) Plaintiff contends that the administrative law judge who decided the case (1) did not account adequately for his difficulties with reading and interpreting; (2) improperly denied him benefits for his failure to follow prescribed treatment; and (3) relied on flawed vocational expert testimony. For the reasons explained below, I conclude that plaintiff has failed to show that the administrative law judge erred in these respects. Therefore, I am affirming the decision of the administrative law judge.

The following facts are drawn from the administrative record (AR).


FACTS

A. <u>Social Security Applications and Administrative Proceedings</u>

Plaintiff James Sjervey was 46 years old when he filed for disability benefits on November 12, 2014, contending that he had been disabled since December 9, 2013 because of anxiety, a left shoulder injury and asthma. AR 15, 28, 139. He has a limited education (ninth grade) and past relevant work as a laborer. AR 27-28, 43. He last worked in 2013. AR 43.

In a function report dated December 26, 2014, plaintiff reported that he does not have problems getting along with others or with authority figures, does not need reminders to go places, pays attention for as long as needed, finishes what he starts, is "fine" handling changes in his routine and can pay bills, count change, handle a savings account and use a checkbook. AR 368-71. He stated that although he has a hard time comprehending written instructions, he follows verbal instructions very well. AR 370.

On March 15, 2018, administrative law judge Charles Thorbjornsen held a video hearing at which plaintiff, who was represented by counsel, and a vocational expert testified. AR 15. At the hearing, plaintiff testified that he has dyslexia, could not get a driver's license because he could not understand the questions on the written examination and cannot cook because he cannot follow a recipe. AR 42-43, 54. He made it to the ninth grade in special education classes but never really learned to read. AR 55.

B. Written Administrative Decision

In a written decision issued on April 30, 2018, the administrative law judge concluded that plaintiff was severely impaired by degenerative joint disease of the left shoulder,

2

degenerative disc disease of the lumbar spine, obesity and chronic obstructive pulmonary disease. AR 17. The administrative law judge determined that plaintiff's anxiety and depression did not qualify as severe impairments because they did not cause more than minimal limitations for plaintiff and were controlled with the most conservative treatment, which included only occasional psychotropic medication. AR 18-20.

In reviewing the "B criteria" of the mental impairment listings, the administrative law judge cited plaintiff's 2014 function report in finding that plaintiff had only mild limitations in each of the four relevant functional areas. AR 18-19. The administrative law judge also stated that he adopted the findings of the state agency reviewing psychologist, Dr. Therese Harris, who stated on August 3, 2015 that plaintiff had only a mild restriction of daily activities and mild difficulties in maintaining concentration, persistence or pace. AR 19 (citing AR 163). The administrative law judge gave "very little weight" to the March 2, 2015 report of consultative psychological examiner Dr. Tyler Hinze, who assessed plaintiff with unspecified moderate impairments in the ability to understand, remember and carry out simple instructions, respond appropriately to supervisors, withstand work stress and co-workers and maintain concentration, persistence or pace. AR 19 (citing AR 488-92).

The administrative law judge determined that plaintiff retained the residual functional capacity to perform light work limited to sitting for six hours, standing for six hours and walking for six hours in an eight-hour workday. AR 20-21. (The administrative law judge also assessed some other physical limitations that are not relevant to plaintiff's appeal.) Relying on the testimony of the vocational expert who testified in response to a hypothetical

3

question based on plaintiff's residual functional capacity assessment, the administrative law judge found that plaintiff had no past relevant work but that jobs exist in significant numbers in the national economy that plaintiff could perform, including assembler, inspector and hand packager and routing clerk. AR 28.

OPINION

Plaintiff has submitted a vague and cursory five-page brief in which he argues that the administrative law judge (1) did not consider his testimony that he has difficulty reading and interpreting; (2) failed to comply with Social Security Ruling 82-59 in finding plaintiff non-compliant with prescribed treatment; and (3) relied on inadequate vocational expert testimony. Defendant responded to all of these arguments, but plaintiff filed a one-sentence reply, stating only that he "sufficiently stated his case in his opening brief." As the Court of Appeals for the Seventh Circuit has explained to other social security claimants, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." Crespo v. Colvin, 824 F.3d 667, 674 (7th Cir. 2016) (internal citation omitted). Although plaintiff has waived his arguments by not developing them in any meaningful way or replying to defendant's contrary arguments, I will address plaintiff's three challenges briefly below.

A.  Reading and Interpreting

Plaintiff contends that the administrative law judge should have considered plaintiff's testimony that he had difficulty reading and interpreting because of his dyslexia and having only a ninth grade education.  In support, plaintiff cites Social Security Ruling 96-8p, which requires an administrative law judge to consider limitations and restrictions imposed by even non-severe impairments.  However, plaintiff does not present any evidence in the record showing the extent of his difficulties with reading or interpretation or identify any additional functional limitations that the administrative law judge should have included, even though it was his burden to do so.  20 C.F.R. § 416.912(c)(vers. eff. Apr. 20, 2015 to Mar. 26, 2017); Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010) (claimant bears burden of proving he is disabled by producing medical evidence); Scheck v. Barnhart, 357 F.3d 697, 702 (7th Cir. 2004) (claimant bears burden of showing impairments that affected ability to work).  "[W]e cannot reasonably expect an ALJ to 'intuit' a functional limitation from the whole record, nor can we look at the record anew to draw one out." Richards v. Berryhill, 743 Fed. Appx. 26, 30 (7th Cir. 2018). Although plaintiff testified about having dyslexia that causes him difficulties with reading or understanding written instructions, "pointing to various diagnoses and complaints and saying that they might hinder [him] is insufficient to establish the existence of a functional limitation." Id.  See also Jozefyk v. Berryhill, 923 F.3d 492, 498 (7th Cir. 2019) ("[E]ven if the ALJ's RFC assessment were flawed, any error was harmless [if it] is unclear what kinds of work restrictions might address [his] limitations . . . because he hypothesizes none" and "the medical record does not support any.").

Accordingly, I conclude that plaintiff has failed to show that the administrative law judge committed reversible error with respect to his reading and interpreting difficulties.

B. Failure to Follow Prescribed Treatment

Plaintiff argues without any explanation that the administrative law judge failed to comply with Social Security Ruling 82-59 in finding that he was non-compliant with prescribed treatment. (Plaintiff does not identify the prescribed treatment and it is not obvious from the administrative law judge's decision what it might be.) Defendant argues that SSR 82-59 applies only in cases in which an administrative law judge determines that a claimant has a disabling impairment but cannot be found disabled because the claimant fails without justifiable cause to follow prescribed treatment that could be expected to restore his ability to work. Defendant reasons that because the administrative law judge in this case did not determine that plaintiff would be disabled but for his failure to follow prescribed treatment, SSR 82-59 does not apply. Plaintiff has not responded to defendant's contentions, thereby waiving the argument. Accordingly, plaintiff has not shown that the administrative law judge committed reversible error.

C. Vocational Expert Testimony

Plaintiff contends the vocational expert's testimony that he could perform light work as an assembler, inspector and routing clerk is not consistent with the Dictionary of Occupational Titles because those positions do not allow for a sit and stand option.

However, as defendant points out, the administrative law judge did not find that plaintiff required a sit and stand option. Rather, he stated that plaintiff was limited to standing, sitting and walking up to six hours at a time in an eight-hour workday, which is the requirement for light-level work. Social Security Ruling 83-10, 1983 WL 31251 at *5 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time.").

Plaintiff also makes the conclusory argument that the administrative law judge failed to include in the hypothetical to the vocational expert any concentration or other mental limitations set forth by the state agency reviewing psychologists. Generally, when propounding a hypothetical to the vocational expert, an administrative law judge "must orient the vocational expert to all of the claimant's limitations that are supported by the record, including deficiencies of "concentration, persistence or pace." E.g., Yurt v. Colvin, 758 F.3d 850, 857 (7th Cir. 2014); O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010). However, plaintiff fails to identify his mental limitations, explain how they affected his ability to work or cite any authority for his position. Dr. Harris, the state agency reviewing psychologist, found that plaintiff's mental impairments were not severe and resulted in only mild difficulties in maintaining concentration, persistence or pace. Relying on that opinion, the administrative law judge determined that plaintiff's depression and anxiety caused only mild limitations in the four broad areas of mental functioning and, therefore, were non-severe. 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none'

7

or 'mild,' we will generally conclude that your impairment(s) is not severe."). Plaintiff has not presented any evidence that these mild limitations prevented him from performing specific tasks or otherwise had any affect on his ability to work. Lindemann v. Saul, No. 18-CV932-JDP, 2019 WL 2865337, at *1 (W.D. Wis. July 2, 2019) (term "concentration, persistence or pace" is general category that does not necessarily communicate what claimant can or cannot do); Rossenbach v. Colvin, No. 13-CV-435-BBC, 2014 WL 1729096, at *2 (W.D. Wis. Apr. 30, 2014) (same). Although Dr. Hinze, the consultative examiner, found that plaintiff had more significant impairment in these areas, he did not identify any specific functional limitations. Further, the administrative law judge provided good reasons for giving Dr. Hinze's opinion very little weight, and plaintiff has not challenged those reasons on appeal. Accordingly, plaintiff has not shown that the administrative law judge committed reversible error in relying on the vocational expert's testimony.

ORDER

IT IS ORDERED that plaintiff James Sjervey's motion for summary judgment, dkt. #8, is DENIED. The final decision of defendant Andrew Saul, Commissioner of Social

Security, denying plaintiff benefits, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 3d day of February, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge